UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIKHADAR JAMA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GCA SERVICES GROUP, INC., <br><br> Defendant. | Case No. C16-0331RSL <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant GCA Services Group, Inc.'s Motion for Summary Judgment." Dkt. # 12. Plaintiffs filed a class action complaint alleging that their employer failed to pay an hourly rate of $15.00 after January 1, 2014, when Chapter 7.45 of the City of SeaTac Municipal Code went into effect. GCA Services argues that it does not fall within the definition of "Transportation Employer" and is therefore not subject to the ordinance. It seeks summary dismissal of plaintiffs' claims.

The facts are not in dispute. At the time the ordinance went into effect, GCA Services had a contract with Avis Budget Car Rental, LLC, to transport Avis' rental cars between and among Avis' various Seattle-area locations, including the airport rental

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 1

facility, the Tukwila service facility, local rental facilities, and Zip Car locations.[1] Plaintiffs transporting cars to and from the airport facility occasionally interacted with Avis customers, in which case they were expected to act professionally and to provide assistance as needed, such as loading suitcases and luggage into the airport shuttle, giving directions, and helping customers locate items left in the rental cars.[2] Plaintiffs were, at all relevant times, employees of GCA Services.

The ordinance was passed by voter initiative in 2013. It requires certain hospitality and transportation employers in the City of SeaTac to pay their employees $15.00 per hour, adjusted annually for inflation, and to guarantee certain other benefits. The issue in this case is whether GCA Services falls within the definition of "Transportation Employer," which means:

> 1. A person, excluding a certificated air carrier performing services for itself, who:
>
>> a. Operates or provides within the City any of the following: any curbside passenger check-in services; baggage check services; wheelchair escort services; baggage handling; cargo handling; rental luggage cart services; aircraft interior cleaning; aircraft carpet cleaning; aircraft washing and cleaning; aviation ground support equipment washing and cleaning; aircraft water or lavatory services; aircraft fueling; ground transportation management; or any janitorial and custodial services, facility maintenance services, security services, or customer service performed in any facility where any of the services listed in this subsection are also performed; and
>
>> b. Employs twenty-five (25) or more nonmanagerial, nonsupervisory

---

[1] GCA employees also transported vehicles from the Tukwila service facility to local markets for auction.

[2] For purposes of this motion for summary judgment, the Court accepts as true Mr. Mahamed's description of his job duties and assumes that many GCA Services' employees performed similar tasks that were collateral to their vehicle shuttling duties. No additional discovery is necessary to resolve the legal issues raised by defendant's motion.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 2

employees in the performance of that service.

2. A transportation employer also includes any person who:

a. Operates or provides rental car services utilizing or operating a fleet of more than one hundred (100) cars; shuttle transportation utilizing or operating a fleet of more than ten (10) vans or buses; or parking lot management controlling more than one hundred (100) parking spaces; and

b. Employs twenty-five (25) or more nonmanagerial, nonsupervisory employees in the performance of that operation.

SeaTac Municipal Code 7.45.010(M).

In resolving what is essentially a legal issue of statutory construction, the Court's "fundamental purpose . . . is to ascertain and carry out the intent of the legislature." In re Schneider, 173 Wn.2d 353, 363 (2011).[3] If, after considering the statute as a whole and related statutes which may shed light on the legislature's intent with regards to the provision in question, there is no ambiguity, the plain meaning of the statutory language controls. Tracfone Wireless, Inc. v. Dep't of Revenue, 170 Wn.2d 273, 281 (2010); Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 11 (2002). If, however, two reasonable interpretations arise from the language of the statute and related statutes, the Court may resort to the rules of statutory construction, relevant legislative history, and case law for assistance in determining the legislature's intent. Cerrillo v. Esparza, 158 Wn.2d 194, 203-04 (2006); Anthis v. Copland, 173 Wn.2d 752, 756 (2012).[4]

---

[3] Voter initiatives are interpreted according to the general rules of statutory construction. Roe v. TeleTech Customer Care Mgmt. (Colo.), LLC, 152 Wn. App. 388, 396 (2009). The object of the Court is to ascertain the collective intent of the voters who enacted the measure. Amalgamated Transit Union Local 587 v. State, 142 Wn.2d 183, 205 (2000).

[4] If an ambiguity is found in a voter initiative, the Court may also "examine the statements in the voters pamphlet in order to determine the voters' intent." Amalgamated

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 3

Plaintiffs argue that GCA Services is a Transportation Employer because it provides "baggage handling," "ground transportation management," and "customer service" in the City of SeaTac. Each term is considered below.

**A. "Baggage Handling"**

"Baggage Handling" is not defined in the ordinance, but the term is ordinarily used to mean lifting, moving, loading, and unloading suitcases and luggage for transport. It is undisputed that GCA Services employees occasionally handle baggage in the course of shuttling rental cars from one location to another. It is also undisputed that GCA Services does not operate a baggage handling service, does not hold itself out as providing such services, and has not contracted with Avis to provide such services. The issue is whether the voters intended to regulate any entity whose employees move luggage when they included the term "baggage handling" in Section M.

A review of the ordinance as a whole shows that "baggage handling" has a narrower meaning than the one posited by plaintiff. If every person who handled baggage in the course of providing some other service were a baggage handler, there would be no need to include in the list of "Transportation employers" those who provide curbside passenger check-in, baggage check, or rental luggage cart services. Providers of those services handle baggage on a regular basis, and yet Section M includes a specific reference to the services they actually offer – curbside check-in, for example – rather relying on the catch-all term "baggage handler." Read in context, the activities listed in Section M, such as "baggage handling," are specific functions or services related to the airline industry. They are job descriptions, not simply a list of tasks. Plaintiff's preferred construction of "baggage handling" to include every person who handles a piece of

---

Transit, 142 Wn. 2d at 205.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 4

luggage in the City of SeaTac is unreasonable in that it would make many of the activities listed redundant. The Court finds that "baggage handling" under SeaTac Municipal Code 7.45.010(M)(1) includes employers who provide baggage handling services as a business venture, generally for a fee or other compensation, not as a one-off activity wholly collateral to the employer's primary operation. GCA Services operates and provides a vehicle shuttling services: it does not provide baggage handling services for purposes of the ordinance.

**B. "Ground Transportation Management"**

This term, like "baggage handling," is not defined in the ordinance. Plaintiffs offer a syllogistic argument along the lines of "rental cars are ground transportation, GCA Services manages aspects of a rental car fleet, therefore GCA Services manages ground transportation." See Dkt. # 16 at 2 ("Managing the movement and distribution of rental cars at the airport cannot be considered anything other than 'ground transportation management.'"). The superficial appeal of this argument cannot be denied: rental cars are generally considered part of the ground transportation system at an airport, and GCA Services was hired to manage on- and off-airport shuttling tasks for the Avis fleet. But plaintiff's syllogism contains a fallacy in that it presumes that rental car companies, which clearly manage rental cars as part of the airport's ground transportation, are engaged in "ground transportation management" as the voters used that phrase. The structure of Section M leads to the conclusion that they are not.

SeaTac Municipal Code 7.45.010(M)(1) identifies the operators or providers of certain services as "Transportation employers," including those who provide "ground transportation management." SeaTac Municipal Code 7.45.010(M)(2) identifies the operators and providers of rental car services as "Transportation employers." If rental car

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 5

companies fell within the term "ground transportation management," there would be no need to have a separate section for those who manage rental car fleets. The Court finds that the provision and management of a type of ground transportation service, such as a rental car company, is not the same thing as "ground transportation management" as used in Section M. This conclusion comports with the normal usage of "ground transportation management," which focuses not on the individual modes of transportation but on tracking and managing the flow of all vehicles within a certain system in order to improve safety, reduce congestion, increase security, and reduce costs. GCA Services does not provide "ground transportation management" for purposes of the ordinance.

**C. "Customer Service"**

Plaintiff's final argument is that, because GCA Services' employees assisted Avis customers whenever the need arose, GCA Services provided "customer service" within the Sea-Tacoma International Airport (*i.e.*, within the facility where curbside check-in, aircraft refueling, and the other services listed in Section M(1) are performed) and is therefore a "Transportation employer." As discussed above, however, the list of services in 7.45.010(M)(1) are specific job functions or services provided in the airport. A "Transportation employer" is one who offers or provides that service as a business, usually for compensation. Taking the time to direct someone to the nearest bathroom does not convert a baggage handler into a customer service representative any more than stooping to pick up a discarded coffee cup converts the baggage handler into a janitor. "Customer service," read in context, is not simply any person who assists a customer while in the airport facility, but rather only those who offer and provide that particular service as part of their business operation. GCA Services operates and provides a vehicle shuttling services: it does not provide customer service for purposes of the ordinance.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 6

**D. Certification to the Washington Supreme Court**

Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." Given the clarity with which the rules of statutory construction have been established in Washington, the Court finds that further assistance from the state courts is unnecessary. Plaintiff's alternative request for relief is DENIED.

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 12) is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiffs.

Dated this 3rd day of November, 2016.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT - 7