UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIKHADAR JAMA, *et al.*,

    Plaintiffs,

v.

GCA SERVICES GROUP, INC., AVIS BUDGET GROUP, INC., and AVIS RENT A CAR SYSTEM, LLC,

    Defendants.

Case No. C16-0331RSL

ORDER DENYING MOTION TO AMEND AND DISMISSING CASE

This matter comes before the Court on "Plaintiffs' Motion for Leave to Amend Class Action Complaint and to Dismiss Defendants Avis-Budget Group, Inc. and Avis Rent A Car System, LLC." Dkt. # 71. Having reviewed the papers submitted by the parties and the remainder of the record, the Court finds as follows:

Plaintiffs initially filed this suit against GCA Services Group, Inc., alleging that GCA Services had failed to pay the minimum wage required by SeaTac Municipal Code § 7.45 (the "Ordinance") and seeking back pay. The Court found, however, that GCA Services does not fall within the definition of "Transportation Employer" and was not subject to the ordinance. Plaintiffs requested and were granted leave to amend their complaint to add claims against Avis Budget Car Rental, LLC ("ABCR"), the entity with whom GCA Services contracted, on the theory that ABCR was also their employer under the economic realities test set forth in Becerra

ORDER DENYING MOTION TO
AMEND AND DISMISSING CASE - 1

v. Expert Janitorial, LLC, 181 Wn.2d 186, 196-97 (2014). On January 18, 2017, plaintiffs filed an amended complaint restating their claims against GCA Services and adding two different entities, Avis Budget Group, Inc., and Avis Rent a Car System, LLC (collectively, "Avis-Budget") as defendants. The claims against GCA Services were subsequently dismissed by stipulation of the parties.

In their answer, the Avis-Budget defendants acknowledged that unnamed subsidiaries of Avis Budget Group, Inc., provide rental car services at SeaTac. Dkt. # 39 at ¶¶ 7-8. They denied that they contracted with GCA Services, however, and also denied being joint employers of the putative class, asserting affirmative defenses based on lack of standing and failure to join indispensable parties. Defendants did not file a motion to dismiss or otherwise seek a resolution of the factual disputes regarding their potential liability as joint employers. Plaintiffs filed a motion for class certification in May 2017. The Avis-Budget defendants opposed certification on a number of grounds, including that plaintiffs had named the wrong Avis-Budget entities as defendants. The Court declined to resolve the standing issue in the context of a class certification motion, however, and certification was granted on October 20, 2017. Defendants were invited to seek dismissal of plaintiffs' claims on standing or other grounds through a properly filed and briefed motion.

In the interim, plaintiffs filed this motion to amend their complaint. Plaintiffs seek permission to drop one of the named plaintiffs, to dismiss the claims against the Avis-Budget defendants without prejudice, and to add ABCR as the sole defendant. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired

ORDER DENYING MOTION TO
AMEND AND DISMISSING CASE - 2

Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court find that plaintiffs unduly delayed in seeking this amendment, causing prejudice to both the existing and proposed defendants, and that the failure to name the correct defendant in the prior amendment is unexplained and unjustified. The original complaint was filed in February 2016. After the Court entered judgment against plaintiffs, they moved "for leave to file an amended complaint adding Avis Budget Car Rental, LLC" as a defendant under a joint employer theory. Dkt. # 27 at 1. The request was based primarily on the fact that "GCA contracts with Avis Budget Car Rental, LLC . . . to provide laborers and workers who perform tasks essential to [ABCR's] operations as a 'Transportation Employer' . . . ." Dkt. # 31 at 1. After reviewing plaintiffs' motion and the contract between GCA Services and ABCR, the Court found that "[a]ll the claims against GCA Services have been and remain DISMISSED" but that plaintiff could, on or before January 18, 2017, "file an amended complaint adding Avis Budget Car Rental, LLC, as the employer-defendant." Dkt. # 32 at 2.

Plaintiffs timely filed an amended complaint, but inexplicably chose to sue two Avis entities that had no contractual relationship with GCA Services and who had not previously been mentioned in the parties' memoranda. Despite the Court's clear instruction, plaintiffs did not sue ABCR. Now, ten months, forty-two docket entries, and a certified class later, plaintiffs seek leave to do what they should have done in January 2017. That ABCR was the contracting party and that plaintiffs had no evidence that the Avis-Budget defendants arguably employed plaintiffs were patently obvious since the First Amended Class Action Complaint was filed. Plaintiffs offer no explanation for their decision to sue entities other than the one specified in the Court's order, for why they introduced this defect in their prior amendment, or for why they failed to take corrective measures at any point before September 28, 2017. Nor do they explain what

ORDER DENYING MOTION TO
AMEND AND DISMISSING CASE - 3

prompted their sudden realization that they sued the wrong defendants. The delay in bringing this motion is significant and unexplained.

The delay has also caused prejudice. With regards to the named defendants, it forced them to incur unnecessary costs defending a lawsuit and a class certification motion to which they should never have been parties. With regards to ABCR, the delay deprived it of an opportunity to defend the class certification motion. If, in the alternative, the class certification order were vacated, plaintiffs' failure to appropriately and timely amend will have wasted judicial resources and upended the case management schedule.

For all of the foregoing reasons, the Court finds that the interests of justice are not served by granting plaintiffs' leave to amend. The motion is DENIED and this matter is hereby DISMISSED.

Dated this 27th day of October, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
AMEND AND DISMISSING CASE - 4